UNITED STATES COURT OF APPEALS

**Filed 9/19/96**

FOR THE TENTH CIRCUIT

BEETLE PLASTICS INC.,

       Plaintiff-Appellant,

v.

UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE
UNITED STATES AND CANADA,
and UNITED ASSOCIATION OF
JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND
PIPEFITTING INDUSTRY OF THE
UNITED STATES AND CANADA,
Local 344,

       Defendants-Appellees.

No. 96-6031
(D.C. No. CIV-95-1442-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]    At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Beetle Plastics, Inc. appeals from a judgment in favor of defendants on its claim that defendants violated collective bargaining agreements these parties entered into to settle prior litigation. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beetle is a manufacturer of industrial pipe. Although its own employees are represented by a different union, it needs fabrication labels from the defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Union") for some jobs. In 1977, Beetle's corporate predecessor filed an antitrust action against the Union to resolve problems it had in acquiring Union labels. To settle the antitrust suit, Beetle and the Union, for itself and the defendant Local 344, entered into several agreements under which the Union agreed to provide a Union pipefitting crew whenever Beetle needed a Union label. The Union unilaterally canceled the settlement agreements, with sixty days' notice, on March 22, 1993.

Beetle filed this suit, seeking enforcement of the settlement agreements. The district court held that settlement agreements are interpreted according to the law of contracts and that under the terms of the agreements involved here, the Union was entitled to cancel its obligations after providing reasonable notice to Beetle.

Beetle raises two issues on appeal: (1) the settlement agreements are not subject to unilateral cancellation by either party; and (2) defendants are estopped from unilaterally canceling the settlement agreements. Beetle did not raise its estoppel argument in the district court, and we therefore will not address it on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976).

With respect to its other issue, Beetle argues that a settlement agreement is as binding as a judgment. This is not necessarily so. Unless incorporated into a judgment of the court, a settlement agreement is "a contract, part of the consideration for which [i]s dismissal of a[] suit." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, ___, 114 S. Ct. 1673, 1677 (1994). The first court's order of dismissal states simply that the antitrust case was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(ii), Appellant's App. at A-46, although the parties could have asked the court to retain jurisdiction or to embody their settlement agreements into its order, Kokkonen, 114 S. Ct. at 1677. As a result, the settlement agreements here are enforceable only to the extent of their own terms, as interpreted by contract law.

We find no error, and affirm for substantially the same reasons as set forth by the district court in its thorough and well-written December 18, 1995 order.

AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge